NOTIFY

**COMMONWEALTH OF MASSACHUSETTS**

SUFFOLK, ss.                                          SUPERIOR COURT
                                                      CIVIL ACTION
                                                      NO. 1784CV00350

JANE DOE

vs.

CITY OF BOSTON & others[1]

## MEMORANDUM OF DECISION AND ORDER ON DEFENDANTS' MOTIONS TO DISMISS

The plaintiff, Jane Doe ("Doe"), brought this eight-count complaint against the City of Boston, the Boston Police Department, Edward Davis ("Davis"), in his individual and official capacities, and Michael Spense ("Spense"), in his individual and official capacities (collectively, "Defendants"). The Defendants assert that Doe's claims have already been adjudicated and move to dismiss her complaint under Mass. R. Civ. P. 12(b)(6).[2] After a hearing, and upon review and consideration, the Defendants' motions to dismiss are **ALLOWED**.

This is the third civil action Doe has filed against the Defendants in Suffolk County Superior Court.[3] In 2012, Doe filed claims for gender discrimination, sexual harassment, and retaliation under G. L. c. 151B (docket no. 1284CV03149). That action was dismissed under

---

[1] Boston Police Department; Edward Davis, in his individual and official capacities; Michael Spense, in his individual and official capacities; and other as yet unnamed Boston Police Department Employees, in their individual and official capacities

[2] There are two motions to dismiss before the court. The court addresses both motions together.

[3] "While the allegations of the complaint generally control in evaluating a motion under rule 12(b)(6), 'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account.'" Reliance Ins. Co. v. Boston, 71 Mass. App. Ct. 550, 555 (2008), quoting Schaer v. Brandeis Univ., 432 Mass. 474, 477 (2000).

Mass. R. Civ. P. 33(a) after Doe's counsel failed to respond to the Defendants' discovery requests.[4]

On May 5, 2016, Doe filed another civil action (docket no. 1684CV01434) ("2016 Litigation"), alleging the same claims against the Defendants as she does in this action.[5] Doe had until August 3, 2016—ninety days from the date the complaint was filed—to serve the Defendants. On August 2, this court (Tochka, J.) allowed Doe's motion for appointment of a special process server. On August 11, 2016, the City of Boston and Davis received service. By August 18, all the Defendants had received service. The Defendants then moved under Mass. R. Civ. P. 12(b)(6) to dismiss all counts. At the hearing, Doe argued that she made diligent efforts to serve the Defendants and that the savings statute, G. L. c. 260 § 32, entitled her to relief from dismissal. On January 12, 2017, this court (Kane, J.) held that Doe violated Mass. R. Civ. P. 4(j) and dismissed the action. And on January 18, this court (Leibensperger, J.) entered judgment dismissing all claims against the Defendants. Doe did not file a motion to reconsider or appeal the final judgment dismissing her claims.

On February 2, 2017, Doe initiated the present action. The Defendants contend dismissal is appropriate because Doe's complaint was already adjudicated on the merits in the 2016 Litigation. Doe asserts that this action may proceed because the 2016 Litigation was dismissed for late service—a matter of form—and the savings statute, G. L. c. 260, § 32, affords her a one-year allowance to refile her complaint. General Laws c. 260, § 32 provides, in relevant part:

> If an action duly commenced within the time limited in this chapter is dismissed for insufficient service of process by reason of an unavoidable accident or of a default or neglect of the officer to whom such process is committed or is dismissed because of the death of a party or for any matter of form, or if, after judgment for

---

[4] On April 16, 2014, the Board of Bar Overseers for the Commonwealth of Massachusetts suspended the attorney who represented Doe in the 2012 matter.

[5] Other than the date, the complaint filed in the 2016 Litigation is identical to the complaint in this matter.

2

> the plaintiff, the judgment of any court is vacated or reversed, the plaintiff or any person claiming under him may commence a new action for the same cause within one year after the dismissal . . . .

In essence, the parties disagree whether the 2016 Litigation was dismissed for a matter of form or whether the order constituted a final adjudication on the merits. Judge Kane dismissed the 2016 Litigation after finding that Doe violated Mass. R. Civ. P. 4(j) when she served the Defendants more than ninety days after the date she filed her complaint. Judge Kane relied on Commissioner of Revenue v. Carrigan, for the proposition that Doe's late service prejudiced the Defendants. 45 Mass. App. Ct. 309, 312-313 (1998). The order dismissing the 2016 Litigation did not indicate whether it was dismissed with prejudice.

Massachusetts R. Civ. P. 41(b)(3) provides that "any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." A motion to dismiss under Mass. R. Civ. P. 12(b)(6) is not one of the specific categories of dismissal that the rule's plain language excludes. Mestek, Inc. v. United Pac. Ins. Co., 40 Mass. App. Ct. 729, 731 (1996). The court's dismissal on January 12, 2017, therefore, operated as an adjudication on the merits. Id. Doe's reliance on Cannonball Fund, Ltd. v. Duchess Capital Mgmt., LLC is misplaced. 84 Mass. App. Ct. 75 (2013). In Cannonball, the plaintiffs were permitted to initiate a new action within one year after their original suit was voluntarily dismissed without prejudice. Id. at 76. This is substantially different from the 2016 Litigation, which was involuntarily dismissed with prejudice.

Because the 2016 lawsuit constituted a final adjudication on the merits, the underlying basis for its dismissal was not a matter of form. Accordingly, the savings statute is inapplicable to this matter and the complaint must be dismissed.

3

## **ORDER**

For the foregoing reasons, it is hereby **ORDERED** that the Defendants' motions to dismiss are **ALLOWED**.

_____
Anthony M. Campo
Justice of the Superior Court

DATED: February 5, 2018