**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **JANE DOE,** | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 21-11062-IT |
| **CITY OF BOSTON, BOSTON POLICE DEPARTMENT and INDIVIDUAL OFFICERS,** | |
| Defendants. | |

## STIPULATED CONFIDENTIALITY AGREEMENT AND ORDER

This case is brought by Plaintiff Jane Doe under Title VII of the Civil Rights Act of 1964. The parties anticipate exchanging documents and information in discovery of a highly sensitive and personal nature, in addition to information the public disclosure of which may infringe upon the privacy interests of others, or is otherwise deserving of protection from public disclosure. In order to facilitate the parties' access and use of such information for purposes of this litigation and pursuant to Rule 26 of the Federal Rules of Civil Procedure, it is hereby **ORDERED**:

1. All Information produced or disclosed in the Action shall be used solely for the prosecution or defense (including any appeal therefrom) of the Action, and shall not be used for any other purpose.

2. In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

   a. "Confidential Information" shall mean all documents and testimony, and all information contained therein, containing:

      i.    Personal medical information, including records, reports, and communications regarding a Party's mental or physical health conditions.

     ii.    Information regarding or references to any alleged sexual assault, whether explicit or implied.

    iii.    Information of third-parties, including personnel information.

b. "Court" means any judge of the U.S. District Court for the District of Massachusetts assigned to review, preside over, hear, or adjudicate any motion, matter, or trial of this Proceeding or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

c. "Designating Party" means the Party that designates Documents, Testimony, or Information as "Confidential," as defined above.

d. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

e. "Documents" shall have the same meaning as Rule 34 in the Federal Rules of Civil Procedure, (i) any writing, original, duplicate, whether stored in electronic format, in traditional paper format, or in any other format, and which have been produced in discovery in this Proceeding by any person or entity, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

f. "Information" shall include individual documents and records (including associated metadata) whether on paper, film or other media, as discrete files stored electronically, optically, or magnetically, or as a record within a database, archive, or container file, including emails, messages, word processed documents, digital presentations, spreadsheets, and database content.

g. "Proceeding" means the above-entitled proceeding bearing case number 21-11062-IT.

h. "Receiving Party" shall refer to any party to this Action and any non-party that receives Confidential Information.

i. "Testimony" means all depositions, declarations, or other testimony taken or used in this Proceeding.

3. A Disclosing Party's designation of Discovery Material as Confidential constitutes a representation that such Discovery Material has been reviewed by counsel and that there is a good faith basis for such designation.

   a. Access to and/or Disclosure of Confidential Materials shall be permitted only to the following persons or entities:

      i. Plaintiff and counsel for Plaintiff, such counsel's firm and its employees, including clinical student-attorneys; and Defendants and Counsel for Defendants, such counsel's firm and its employees.

      ii. Outside consultants and experts retained by counsel to assist for purposes of this litigation.

      iii. Deposition witnesses and potential witnesses at trial in this case to whom disclosure is reasonably necessary to pursue the claims and defenses in this case.

      iv. Any person who authored, received, saw or was otherwise familiar with Documents, Testimony, or Information or thing designated "Confidential," including any person otherwise familiar with the Information contained therein, but only to the extent of that person's prior familiarity with Confidential Information;

      v. Court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding); and

— 3 —

    vi.    The Court, any court to which a party petitions for discovery of a non-party, any appellate court, necessary court personnel, and jurors; and

    vii.    Other persons only after notice to all parties and upon order of the Court, or upon written consent of the designating party.

4. The Designating Party shall have the right to designate as "Confidential" only the non-public Documents, Testimony, or Information that the Designating Party in good faith believes would constitute an unreasonable invasion of privacy, if Disclosed to another Party or non-Party, and that such risk cannot be avoided by less restrictive means, including the redaction of personal identifying information.

5. Any Documents, Testimony, or Information to be designated as "Confidential" produced after the implementation of this Protective Order must be clearly so designated before the Document, Testimony, or Information is Disclosed or produced. In the case of Documents, Testimony, or Information produced prior to the implementation of the Protective Order, the designating party must submit to the Receiving Party, in writing, the Documents or testimony, or portions thereof, to be designated "Confidential" by January 23, 2023.

    a.    Designation of documents or other material as containing Confidential Information as set forth in Paragraph 2a of this Order may be made by stamping or otherwise affixing the legend "CONFIDENTIAL" / "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" on each page containing Information deemed Confidential in a manner that does not interfere with the legibility of the document.

    b.    The Disclosing Party must limit designations of Confidential Information to only those parts of documents, testimony, or material that are clearly identified as containing Confidential Information.

   c.  When Confidential Information is disclosed in a form not appropriate for such placing or affixing, such Confidential Information shall be designated as such in writing at the time it is delivered to the Receiving Party.

   d.  For Testimony given in depositions the Designating Party may either:

      i.  identify on the record, before the close of the deposition, Confidential Testimony, by specifying all portions of the Testimony that qualify as such;  or

      ii.  designate the entirety of the Testimony at the deposition as Confidential (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing Confidential Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

   e.  For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the exact portions.

6.  Confidential Materials shall be used by the persons or entities receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

7. To the extent that any party seeks to file any materials designated as "Confidential" (or any pleading, motion or memorandum disclosing them) with the Court, such party shall seek leave from the Court to file those materials (or pleadings, motions or memoranda) under seal, or impoundment, pursuant to Local Rule of the United States District Court for the District of Massachusetts 7.2. Such a motion shall specifically identify each portion of the filing that the party seeks to file under seal and explain why, under governing legal standards, the Court should allow the material to be filed under seal.

8. The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony, or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential," and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony, or Information that is subject to a designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony, or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony, or Information shall promptly destroy the inadvertently produced Document, Testimony, or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" materials. Should the receiving Party choose to destroy such inadvertently produced Document,

Testimony, or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production.

9.  In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony, or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony, or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony, or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony, or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

10. Any person or entity in possession of Confidential Information shall maintain those materials in a reasonably secure manner, and shall not reveal or discuss such information to or with any person not entitled to receive it, so that the Confidential Information is not further disclosed or used in any manner inconsistent with this Order. The protections conferred by this Order cover not only the protected information itself, but also any information copied or extracted therefrom, as well as

copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might disclose protected material to persons not authorized to receive such material.

11. Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

12. Any Information that may be produced by a non-Party witness in discovery, pursuant to subpoena or otherwise, may be designated by such non-Party as "Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Such non-Parties shall be served with a copy of this Stipulation and Protective Order upon being served with a subpoena or other request for documents. Any such designation shall also function as consent by such producing non-Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

13. If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of such materials, or who is otherwise contemplating disclosure out of a good faith belief that disclosure of Confidential Materials is necessary to comport with the law, that person shall give notice of the intent to disclose within fourteen (14) days of becoming

aware of the need to disclose, by electronic mail transmission, and shall provide the Designating Party with a copy of the Subpoena, if applicable, and provide a written explanation of the reasons for any good faith contemplated disclosure of protected materials. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such materials from the person or entity contemplating disclosure to the fullest extent available under law. The person or entity contemplating disclosure may not produce any Confidential Materials pursuant to the Subpoena, or other legal obligation, prior to the date specified for production on the Subpoena or otherwise imposed.

14. If, after execution of this Stipulation and Protective Order, any Confidential Materials are disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of Confidential Materials to the immediate attention of the Designating Party.

15. The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

16. This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

17. Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

18. The Parties shall meet and confer regarding the procedures for use of any Confidential Materials at trial and shall move the Court for entry of an appropriate order.

19. Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of any Confidential Materials.

20. Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

  i.    to seek a determination by the Court of whether any particular Confidential Materials should be subject to protection under the terms of this Stipulation and Protective Order; or

  ii.   to ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

21. Nothing in this Order or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any party as an admission by a party or a party opponent.

22. This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the

provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

23. Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials, and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each deposition together with the exhibits marked at the deposition), (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such materials, or (c) as to any Documents, Testimony, or other Information not addressed by sub- paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein. The Clerk of this Court shall either return to counsel or destroy any sealed material at the end of the litigation.

24. After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

25. As each party discloses information subject to this Stipulation and Protective Order to appropriate recipients, counsel of record for each party shall acquire and maintain for the duration of this action

the required executed Certifications (attached as Exhibit A) from each recipient. Copies of each executed Certification shall be produced to an opposing party in this Litigation upon request.

26. The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

27. This Order shall not prevent any party from applying to the Court for further or additional protective orders, for the modification of this Order, or from agreeing with the other parties to modify this Order, subject to the Court's approval.

It is so **ORDERED**.

Dated: 1/3/2023

_____
United States District Judge

## EXHIBIT A

### CERTIFICATION RE HIGHLY CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, _____ [NAME],

_____ [POSITION AND EMPLOYER], am about to

receive Confidential Materials supplied in connection with the Proceeding, 21-11062-IT, pending in the

U.S. District Court for the District of Massachusetts. I certify that I understand that the Confidential

Materials are provided to me subject to the terms and restrictions of the Stipulations and Protective Orders

filed in this Proceeding. I have been given a copy of the Stipulations and Protective Orders; I have read

them, and I agree to be bound by their terms. I understand that the Confidential Materials, as defined in

the Stipulations and Protective Orders, including any notes or other records that may be made regarding

any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulations and

Protective Orders. I will not copy or use, except solely for the purposes of this Proceeding, any

Confidential Materials obtained pursuant to these Stipulations and Protective Orders, except as provided

therein or otherwise ordered by the Court in the Proceeding. I further understand that I am to retain all

copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all

copies of such materials are to remain in my personal custody until termination of my participation in this

Proceeding, whereupon the copies of such materials will be returned to counsel who provided me with

such materials within 7 days of such termination.

I declare under penalty of perjury that the foregoing is true and correct. Executed this _____ day

of _____, 20__, at _____.

BY:

_____          _____
Signature                                                      Address


_____          _____
Title                                                             Telephone Number